**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4206**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

ROBERT WILLIAM SYKES, JR.,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:15-cr-00458-MJG-1)

_____

Submitted: December 15, 2016      Decided: December 20, 2016

_____

Before WILKINSON, KING, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, Meghan Skelton, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, David Metcalf, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert William Sykes, Jr. pleaded guilty to two counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012) (Hobbs Act). The district court sentenced Sykes to 72 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Sykes first argues that the district court erred in declining to reduce his offense level for the second count by three levels under U.S. Sentencing Guidelines Manual § 2X1.1(b)(1) (2016). In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). Section 2X1.1(b)(1) of the Guidelines provides:

> If an attempt, decrease by [three] levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.

"The commentary to § 2X1.1 explicitly states that the reduction is intended for cases in which the defendant is arrested well before he has completed the acts necessary to commit the offense." United States v. Shakur, 7 F. App'x 289, 290 (4th Cir. 2001) (No. 00-4755).

2

Section 1951(a) prohibits obstructing, delaying, or affecting, in any way, the movement of any article or commodity in commerce by robbery or extortion, attempt or conspiracy to commit robbery or extortion, or threats of physical violence. 18 U.S.C. § 1951(a). "A Hobbs Act crime, then, has two elements: (1) robbery or extortion, and (2) interference with commerce." United States v. Taylor, 754 F.3d 217, 222 (4th Cir. 2014) (internal quotation marks omitted). "The Hobbs Act defines robbery as the unlawful taking or obtaining of personal property from the person by means of actual or threatened force, or violence, or fear of injury, to his person or property at the time of the taking or obtaining." United States v. Strayhorn, 743 F.3d 917, 922 (4th Cir. 2014) (internal quotation marks and alterations omitted). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not err in calculating the offense level under the Guidelines.

Sykes also argues that the court erred in denying his motion for a downward departure under USSG § 4A1.3(b) because his criminal history category overrepresented the seriousness of his criminal history. "We are unable, however, to review a sentencing court's decision not to depart unless the court mistakenly believed that it lacked the authority to do so." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

3

Here, it is clear that the district court did not misapprehend its authority to grant such a departure. Therefore, Sykes "cannot contest on appeal the court's failure to depart downward." Id. at 306.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED